IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DYNASSUS NUAL BUGGS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:18cv711-MHT |
| | ) [WO] |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Dynassus Nual Buggs ("Buggs") initiated this action with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 1. Buggs challenges the Tuscaloosa County Circuit Court's denial of his petition for release from the Hillside Therapeutic Group Home in Wetumpka. In 2011, the Tuscaloosa County Circuit Court found Buggs not guilty by reason of mental disease or defect on charges of incest, first-degree rape, sexual abuse, sodomy, and four counts of second-degree assault. The trial court issued an order committing Buggs, as a psychiatric patient, to the custody of the Alabama Department of Mental Health. After initial placement in the Taylor Hardin Secure Medical Facility in Tuscaloosa, Buggs was transferred to the Hillside Therapeutic Group Home. He remains in custody under the trial court's 2011 judgment.

### **DISCUSSION**

Title 28 U.S.C. § 2241(d) allows Buggs to bring his § 2254 petition in either (a) the district court for the district where he is in custody (the Middle District of Alabama, where Wetumpka and the Hillside Therapeutic Group Home is located) or (b) the district court

for the district within which the state court that imposed the judgment under which he is in custody was held (the Northern District of Alabama, where Tuscaloosa County is located). Under § 2241(d) this court may, "in the exercise of its discretion and in furtherance of justice," transfer a § 2254 petition to the district court for the district within which the state court that imposed the judgment under which the petitioner is in custody was held. *See* 28 U.S.C. § 2241(d).

The matters complained of by Buggs stem from a judgment imposed by the Tuscaloosa County Circuit Court. And the records related to Buggs's custody are in Tuscaloosa County. Therefore, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for Northern District of Alabama for review and disposition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 21, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and

factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE this 7th day of August, 2018.

                                           /s/  Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          CHIEF UNITED STATES MAGISTRATE JUDGE